IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JIMMY LEE ALLRED, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:16CV611 |
| v. | ) | 2:94CR175-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Petitioner Jimmy Lee Allred, a federal prisoner, brings a Motion (Doc. 120) and Amended Motion (Doc. 125) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In 1990, a jury in this court convicted Petitioner of felony retaliating against a witness in violation of 18 U.S.C. § 1513(a). Petitioner served his sentence for that conviction but, four years later, a jury in this court convicted Petitioner of one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). He then received a sentence of 264 months of imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

Petitioner's Presentence Report (Doc. 116) reflects the bases for the ACCA enhancement were (1) a prior North Carolina conviction for felony assault with a deadly weapon with intent

to kill inflicting serious injury (id. ¶ 24), (2) a prior North Carolina conviction for felony possession with intent to sell and deliver cocaine (id. ¶ 28), and (3) the prior conviction in this court for felony retaliating against a witness (id. ¶ 30).

Petitioner unsuccessfully sought relief through a direct appeal and two prior motions (Doc. 59, 92) under § 2255 before filing a motion with the United States Court of Appeals for the Fourth Circuit seeking authorization to file a second or successive § 2255 motion under 18 U.S.C. §§ 2244 and 2255(h). In that filing, he claimed that his sentence under the ACCA is longer valid following Johnson v. United States, 576 U.S. \_\_\_\_, 135 S. Ct. 2551 (2015). The Fourth Circuit granted the authorization based on Petitioner having made a prima facie showing that Johnson might affect his case.

Following the Fourth Circuit's authorization, Petitioner filed a paper-writing which the court construed as his current motion (Doc. 120) under § 2255. In that filing, he states that he seeks to raise a claim that his "prior conviction for witness retaliation is under a broad statute that punishes one for force against property as well as persons" and that "under Descamps v. United States [570 U.S. 254 (2013)], the statute is not divisible and, therefore, no longer a crime of violence in light of Johnson." (Doc. 120 at 1.) "Specifically, [the statute] leaves open the possibility [Petitioner] was convicted for

retaliating by damaging the victim[']s property rather than [her] person." (Id.) The court later docketed an Amended Motion (Doc. 125) which it received from the Fourth Circuit. The Amended Motion, which Petitioner originally submitted to the Fourth Circuit as part of his motion seeking authorization to file his successive § 2255 Motion, raises a single claim for relief which states only that Petitioner was sentenced under the ACCA based in part on a prior conviction under what was then 18 U.S.C. § 1513(a)(1), which stated that "[w]hoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for" being a witness, party, or informant in federal proceedings may be fined and imprisoned for up to ten years.[1] (Doc. 125 at 4.)[2] Petitioner does not explicitly identify any problem with this predicate conviction in the portion of the Amended Motion listing grounds for relief. However, considering Petitioner's pleadings as a whole, Petitioner sets out a single

---

[1] Congress later recodified the provision as 18 U.S.C. § 1513(b)(1), but the quoted portion of the statute remained unchanged.

[2] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

ground for relief alleging that his conviction for retaliating against a witness is not a violent felony, and therefore not a valid ACCA predicate following Johnson.

Under the ACCA, 18 U.S.C. § 924(e)(1), a defendant is subject to enhanced sentencing penalties if he has three prior convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ." A crime is a serious drug offense for purposes of 18 U.S.C. § 924(e) if it is one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and is a crime "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A))(ii). Before Johnson, a crime was a "violent felony" if it is punishable by imprisonment of more than a year and "has as an element the use, attempted use, or threatened use of physical force against the person of another" (hereinafter "force clause"), "is burglary, arson, or extortion" (hereinafter "enumerated offenses clause"), or involves the use of explosives, or "otherwise involves conduct that presents a serious potential risk of physical injury to another" (hereinafter "residual clause"). § 924(e)(1)(B)(i) and (ii). However, Johnson invalidated as unconstitutionally vague the residual clause of the statute. Johnson, 135 S. Ct. at 2563. The remainder of the ACCA stayed intact. Petitioner contends that

the challenged retaliation predicate was applied in his case under the stricken residual clause, that § 1513(a)(1) is an indivisible statute which allows for convictions based on harm to property or threats to harm property, and, therefore, that it cannot now apply in his case under the force clause of the ACCA.[3] Therefore, if he is correct, his retaliation conviction is not a proper ACCA predicate and he now has only two of three predicates necessary to support his enhanced sentence.

Respondent responded that 18 U.S.C. § 1513(a)(1) is, in its view, a divisible statute to which the court can apply the modified categorical approach described in Shepard v. United States, 544 U.S. 13 (2005), and Mathis v. United States, ____ U.S. ____, 136 S. Ct. 2243 (2016). This approach allows the court to use the indictment in the retaliation case to determine whether the portion of the statute under which Petitioner was convicted is a violent felony under the ACCA. Because that indictment alleges that Petitioner caused bodily injury to the witness against whom he retaliated, Respondent asserts that Petitioner was convicted only under the portion of the statute relating to bodily injury. It also maintains that this portion of the statute satisfies the force clause of the ACCA in that it "has as an element the use, attempted use, or threatened use of

---

[3] There is no question that Petitioner's retaliation conviction does not satisfy the enumerated offenses clause.

- 5 -

physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). Therefore, Respondent concludes that Petitioner's prior conviction under § 1513(a)(1) remains a violent felony under the ACCA. Respondent does not contest Petitioner's argument that he prevails if the statute is not divisible.

Petitioner maintained in his Reply (Doc. 141) that he still prevails if the court uses the modified categorical approach espoused by the Government because even the bodily injury portion of § 1513(a)(1) allows for convictions based on conduct deemed not to be a use of physical force for purposes of the ACCA. The court thereafter ordered further briefing on this issue in light of United States v. Middleton, 883 F.3d 485 (4th Cir. 2018), which was decided after the filing of Petitioner's Reply. Both parties then filed supplemental briefs maintaining their respective positions following Middleton. (Docs. 147, 148.) The Government continues to assert that the statute is not divisible and that the bodily injury portion of the statute requires sufficient use of physical force. Petitioner insists that the statute is not divisible and that, even if it is, the bodily injury portion does not require a sufficient use of physical force.

Regarding the divisibility of § 1513(a)(1), the parties agree that Petitioner is entitled to relief if the statute is not divisible. Therefore, the court need not make a final

decision on divisibility unless the Government prevails on the question of whether the bodily injury portion of the statute requires the use of physical force.

Assuming purely for the purposes of discussion that the § 1513(a)(1) is divisible as discussed in Mathis, the statute sets out four alternative crimes based on four distinct harms - bodily injury, a threat of bodily injury, damage to tangible property, and a threat of damage to tangible property. Two of these harms, damage to tangible property and a threat of damage to tangible property, cannot possibly support an ACCA predicate under the force clause because they very clearly do not involve the "use, attempted use, or threatened use of physical force against the person of another." However, as an exhibit to its Response (Doc. 139), the Government provided the indictment from Petitioner's prosecution for retaliating against a witness. (Id., Attach. 1.) The indictment alleged that Petitioner "knowingly engaged in conduct and thereby caused bodily injury to Monica Michelle Warner, with intent to retaliate against Monica Michelle Warner for attendance as a witness and testimony given in an official proceeding of the United States District Court for the Middle District of North Carolina." (Id.) Based on that document, which the court may review as part of applying the modified categorical approach under Shepard, the Government asserts that Petitioner's conviction was clearly based on bodily

injury to a witness and not on any type of property damage. Petitioner does not deny this or claim that his conviction fell under any other portion of the statute. Therefore, the court finds that this was indeed the basis for his prior conviction for retaliating against a witness in this court.

The conclusion that Petitioner's prior conviction involved the portion of § 1513(a)(1) prohibiting retaliation that causes bodily injury to a witness does not end matters. This is because the court, having defined the nature of Petitioner's conviction, must still determine whether that "offense 'sweeps more broadly' than the ACCA's definition of a violent felony." Middleton, 883 F.3d at 488 (citing Descamps v. United States, 570 U.S. 254, 261 (2013)). If so, "the offense does not qualify as an ACCA predicate." Id.

As set out in Middleton,

> The ACCA's force clause requires "the use, attempted use, or threatened use of physical force against the person of another." [18 U.S.C. § 924(e)(2)(B)(ii)] (emphasis added). Congress did not define the term "physical force." Johnson v. United States, 559 U.S. 133, 138(2010) (hereinafter "Johnson I"). But the Supreme Court gave the phrase its ordinary meaning: "force exerted by and through concrete bodies" as opposed to "intellectual force or emotional force." Id. In Johnson I, the Court further explained that "because the term 'physical force' contributes to the definition of a 'violent felony,' it is understood to mean 'violent force — that is, force capable of causing physical pain or injury to another person.'" United States v. Reid, 861 F.3d 523, 527 (4th Cir. 2017) (quoting Johnson I, 559 U.S. at 140). Therefore, "physical force" under the ACCA's

> force clause must be both physical (exerted through
> concrete bodies) and violent (capable of causing pain
> or injury to another). De minimus physical force, such
> as mere offensive touching, is insufficient to trigger
> the ACCA's force clause because it is not violent.

Id. at 488-89 (parallel citations deleted). Further, the fact that a physical injury occurs does not mean that a defendant used violent force. "'[A] crime may result in death or serious injury without involving the use of physical force.'" Id. at 491 (quoting United States v. Covington, 880 F.3d 129, 134 n.4 (4th Cir. 2018)).[4] The causation of bodily injury does not necessarily equal a use of violent force sufficient to satisfy the force clause. Instead, the predicate conviction in question must require a defendant to actually use such force.

Turning first to the plain language of § 1513(b), it states only that "[w]hoever knowingly engages in any conduct and thereby causes bodily injury to another person . . . with intent to retaliate against any person" for being a witness or informant is guilty of a felony. Looking purely at the face of the statute, it does not require the use of violent force or any level of force, only "any conduct," which causes bodily injury.

---

[4] In its Supplemental Response (Doc. 148), the Government, relying on the concurrence in Middleton, questions that case based on its fractured rationale and its continued reliance on United States v. Torres-Miguel, 701 F.2d 165, 168-69 (4th Cir. 2012), partially abrogated by United States v. Castleman, ____ U.S. ____, 134 S. Ct. 1405 (2014). However, Middleton is a published opinion of the Fourth Circuit and, therefore, binding precedent which this court must follow.

- 9 -

Thus, the language used appears broader than language limited to only uses of violent force. See United States v. Torres-Miguel, 701 F.2d 165, 168-69 (4th Cir. 2012) (discussing similarly broad statutes). This reading is also consistent with the "broad purpose" of the statute, which was to "maintain[] the integrity of the judicial process" by "giv[ing] greater protection to . . . witnesses." United States v. Cofield, 11 F.3d 413, 419 (4th Cir. 1993).

A review of cases from the Fourth Circuit and other Circuit Courts of Appeals reveals that courts defining the elements of the crime consistently use language that does not narrow the term "conduct" or limit "conduct" to only uses of violent force. The Fourth Circuit holds that "[t]he elements of an offense under 18 U.S.C. § 1513 are (1) knowing engagement in conduct (2) either causing, or threatening to cause, bodily injury to another person (3) with the intent to retaliate for, inter alia, the attendance or testimony of a witness at an official proceeding." Id. Other Circuit Courts of Appeals, although defining the crime in slightly different ways, are in close

agreement on the point of only using the broad term "conduct" to describe the action necessary to violate the statute.[5]

This expansive definition of conduct is also generally supported by various model jury instructions. Modern Federal Jury Instructions - Criminal lists the three elements that must be proved for a conviction under § 1513 as being "[f]irst, that the defendant knowingly engaged in the conduct alleged in the indictment, . . . [s]econd, that the defendant's conduct caused

---

[5] See United States v. Gadson, 763 F.3d 1189, 1217 (9th Cir. 2014) (quoting United States v. Henderson, 626 F.3d 326, 342 (6th Cir. 2010) for the proposition that "[t]o prove a violation of § 1513(b)(2), the government must show: '(1) knowing engagement in conduct (2) either causing, or threatening to cause, bodily injury to another person (3) with the intent to retaliate for, inter alia,' providing information relating to a federal offense to a law enforcement officer"); United States v. Wardell, 591 F.3d 1279, 1292 (10th Cir. 2009) ("To convict a defendant under § 1513(b)(1), the government must prove beyond a reasonable doubt that (1) the defendant knowingly engaged in conduct either causing, or threatening to cause, bodily injury to another person, and (2) acted with the intent to retaliate for, inter alia, the testimony of a witness at an official proceeding."); United States v. Draper, 553 F.3d 174, 180 (2d Cir. 2009) ("[T]o sustain a witness retaliation charge, the government must establish three elements: One, the defendant engaged in conduct that caused or threatened a witness with bodily injury; two, the defendant acted knowingly, with the specific intent to retaliate against the witness for information the witness divulged to law enforcement authorities about a federal offense; and three, the officials to which the witness divulged information were federal agents."); United States v. Paradis, 802 F.2d 553, 562 (1st Cir. 1986) (citing United States v. Cummiskey, 728 F.2d 200, 206 (3d Cir. 1984), for the proposition that "[s]ection 1513 requires proof of (1) knowing engagement in conduct; (2) either causing or threatening to cause, bodily injury to another person; (3) with intent to retaliate against any person for, inter alia, providing information relating to the commission of a federal offense").

bodily harm to [name of person] . . . and [t]hird, the defendant acted with intent to retaliate" against the person harmed for being a witness or giving information concerning a federal offense. 2-46 Modern Federal Jury Instructions--Criminal, ¶ 46.12, Instruction 46-74 (Matthew Bender). Regarding the second element, a separate instruction states in pertinent part that "the government must prove beyond a reasonable doubt that the defendant's conduct caused bodily injury to" the witness, but that "it is not necessary that the defendant himself caused the bodily injury. It is sufficient if you find that the defendant knowingly participated in some activity which caused the consequence or effect of injuring" the witness. Id., Instruction 46-76. This instruction very clearly separates a defendant's conduct from any intent to cause a bodily injury, thereby allowing for convictions under a broad range of conduct.

Pattern jury instructions for the Third Circuit Court of Appeals and the United States District Court for the District of South Carolina track the language of the cases cited above which require only knowing conduct, with a separate element requiring the causation of bodily injury. See Third Circuit Model Criminal Jury Instructions, Instruction 6.18.1513B (2004) available at http://www.ca3.uscourts.gov/model-jury-instructions; Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina § 1513(b)

(2018 online ed.) available at http://www.scd.uscourts.gov/pji/. There is an instruction from the Eighth Circuit Court of Appeals which differs somewhat from the case law and instructions cited above. Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, Instruction 6.18.1513 (2014 online ed.) available at http://www.juryinstructions.ca8.uscourts.gov/criminal_instructions.htm. That instruction lists only two elements, with one being that the defendant knowingly caused bodily injury to the witness and the other being that he did so with intent to retaliate. The instruction does not mention "conduct" and, unlike the other formulations of the elements of § 1513(a)(1), ties the term "knowingly" not to the conduct engaged in, but to the causation of bodily injury to the witness. This instruction could be read to require a use of violent force by a defendant. However, the court did not locate any examples of its use and the instruction appears to be an outlier in conflict with the other instructions and, more importantly, with the elements of § 1513(a)(1) as established by the Fourth Circuit in Cofield, supra.

In the end, the plain language of § 1513(a)(1), its broad statutory purpose, the formulation of its elements by the Fourth Circuit and other Circuit Courts of Appeals, and the majority of the jury instructions cited above all favor a reading of § 1513(a)(1) allowing for a conviction based on conduct causing

bodily injury to a witness even though that conduct does not amount to a use of violent force sufficient to satisfy the ACCA. As the Government points out in its Supplemental Response (Doc. 148), the typical case prosecuted under § 1513(a)(1) will include the use of violent force and an actual intent to cause bodily harm.  However, this does not mean that the statute does not cover more. Because "[t]he ACCA's force clause is written too narrowly to encompass such a broad range of criminal behavior" as is covered by § 1513(a)(1), Petitioner's conviction under that statute is no longer a valid ACCA predicate. Middleton, 883 F.3d at 492. Petitioner does not have the three predicate convictions necessary to sustain his sentence under the ACCA. His § 2255 Motion, as amended, will be granted on that basis, and the matter will be set for resentencing.[6]

**IT IS THEREFORE ORDERED** that Petitioner's Motion (Doc. 120) and Amended Motion (Doc. 125) to vacate, set aside or correct sentence under 28 U.S.C. § 2255 are **GRANTED** and the Clerk is directed to set this matter for resentencing, unless Petitioner, through counsel, requests the entry of a corrected judgment.

---

[6] The parties do not discuss the issue, but it appears that Petitioner has served more than the ten-year maximum allowed by statute for a conviction under 18 U.S.C. § 922(g)(1) absent the ACCA enhancement. If this is the case, Petitioner's attorney may request the alternative remedy of a corrected judgment sentencing Petitioner to the ten-year maximum in order to expedite matters.

Petitioner remains in custody, and the United States Attorney is directed to produce Petitioner for the resentencing hearing. The Probation Office is directed to prepare a Supplement to the Presentence Investigation Report in advance of the hearing.

This the 24th day of April, 2018.

                                             /s/ William L. Osteen, Jr.
                                             United States District Judge